UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>     v.<br><br>JUAN GARCIA,<br><br>                              Defendant. | Case No. 16-cr-01004-BAS-2<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 127)** |

## I.     BACKGROUND

Mr. Garcia distributed methamphetamine to gang members throughout North San Diego County, including to a confidential source who was monitored by law enforcement in this case. (Presentence Report, ECF No. 71 ("PSR") ¶¶ 13–15.)  He pled guilty to conspiracy to distribute methamphetamine and distribution of methamphetamine.  (ECF No. 49.)   He also operated a separate heroin distribution network that was not charged. (PSR ¶¶ 13–15.))

Mr. Garcia, who is 45 years old, is a Sureno gang member. (PSR ¶¶ 45–47.)  This conviction is his fourth felony conviction for dealing illegal drugs. (PSR ¶¶ 36–44.)  He has an additional felony drug conviction that was reduced to a misdemeanor and two misdemeanor theft convictions. (*Id.*)  Because of this criminal record, he is classified as a "career offender." (*Id.*)  He associated with gang members who have ties to the Mexican

Mafia and was previously a Hawaiian Gardens gang member out of Los Angeles. (PSR ¶ 81.)

At the time of his sentencing, the Court calculated Mr. Garcia's sentencing guideline range to be 262–327 months but agreed to vary downward and sentenced him to the 240-month mandatory minimum, concurrent on each count. (ECF No. 103.) In doing so, the Court took into consideration the fact that Mr. Garcia had been diagnosed with Hepatitis-C, was being assessed for diabetes, and had problems with his liver. (PSR ¶ 82.) Since his sentencing and while he has been in custody in this case, Mr. Garcia has received disciplinary violations for smuggling drugs into prison. (ECF No. 131, Exh. 1.)

Mr. Garcia now files a Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing first that his medical conditions warrant release and second that changes in the First Step Act would now make him eligible for relief from the mandatory minimum sentence. (ECF No. 127.) The Government opposes. (ECF No. 131.) Before seeking a reduced sentence, defense counsel filed a compassionate release request with the Warden at FCI Hazelton where Mr. Garcia is being housed, which was denied. (ECF No. 127, Exh. A.)

## II.   ANALYSIS

### A.   Legal Standard

Mr. Garcia has properly exhausted his administrative remedies in this case. Once a defendant exhausts his administrative remedies, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing

Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including where "[t]he defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised Nov. 1, 2021).

Post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id.*

"[D]istrict courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for the purposes of § 3582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022). However, "the petitioning defendant still must demonstrate that [the] non-retroactive changes rise to the level of 'extraordinary and compelling' in his individualized circumstances." *Id.* And the Court still must consider the § 3553(a) factors in determining whether a reduced sentence is warranted.

### B. Medical Issues

Mr. Garcia argues that his liver cirrhosis, Hepatitis-C, high blood pressure, hypertension, eye conditions (including astigmatism and myopia), gastro-esophageal

1 | reflux, and low back pain warrant his release from custody. (ECF No. 127.) However, as
2 | the Government points out, the bulk of these conditions are not serious enough to rise to
3 | the level of "extraordinary and compelling" circumstances. For those more serious
4 | conditions, there is no evidence Mr. Garcia is unable to provide self-care in the
5 | environment of a correctional facility, nor is there evidence he is not receiving adequate
6 | care from the Bureau of Prisons for these conditions.

7 | The Court finds the stated conditions and submitted medical records are insufficient
8 | to constitute extraordinary and compelling reasons for release.

### C.   Changes in the Law

Mr. Garcia next argues that changes in the law warrant extraordinary and compelling reasons to resentence him. (ECF No. 127.) The First Step Act and the ensuing interpretation of this Act in *Lopez* would now make Mr. Garcia eligible for the Safety Valve. *See United States v. Lopez*, 998 F.3d 431, 435 (9th Cir. 2021). Thus, he argues, he could potentially avoid imposition of the mandatory minimum sentence imposed in this case.

However, Mr. Garcia ignores the fact that the Court in this case departed downward from the sentencing guideline range of 262–327 months to sentence Mr. Garcia to 240 months in custody. He has a long history of drug trafficking with multiple felony convictions. Even the sentence in this case does not seem to have deterred Mr. Garcia from trafficking in drugs as he has received a disciplinary infraction for bringing drugs into the prison where he was being housed.

Simply the fact that he would be eligible for the Safety Valve does not mean he would have received a lower sentence. In fact, the Court would not have been inclined to depart any further than it did already in sentencing Mr. Garcia to 240 months. As discussed below, with or without the mandatory minimum, this result was the "sufficient but not greater than necessary" sentence for Mr. Garcia. *See* 18 U.S.C. § 3553(a). Therefore, Mr. Garcia fails to demonstrate that the change in the law constitutes "extraordinary and compelling reasons" for a reduction in his sentence.

**D.    § 3553(a) Factors**

Regardless of Mr. Garcia's showing of "extraordinary and compelling reasons" for his release, the Court must still consider the factors under 18 U.S.C. § 3553(a). In this case, 240 months is "sufficient but not greater than necessary" considering all of those factors.

First, Mr. Garcia was distributing drugs in two separate and distinct drug trafficking networks to gang members throughout North San Diego County. Second, this is Mr. Garcia's fourth felony drug conviction. Despite these repeated convictions, and the fact that he is now in his 40s, Mr. Garcia's lengthening stints in custody do not appear to be deterring him from engaging in this repeated activity. His refusal to stop drug trafficking indicates a lack of respect for the law, and the Court has no confidence that any lesser sentence would provide adequate deterrence to Mr. Garcia. This resolve is strongly supported by Mr. Garcia's continued drug trafficking even after being sentenced in this case. At this point, the Court must be mindful of protecting the public from Mr. Garcia's further crimes. And, thus, under the § 3553(a) factors, the Court finds a sentence reduction is unwarranted.

## III.   CONCLUSION

Mr. Garcia has failed to show extraordinary and compelling reasons for his release either because of his medical conditions or because of the change in the law after *Lopez* was decided. In addition, the Court finds the § 3553(a) factors support Mr. Garcia's sentence of 240 months in custody whether or not a mandatory minimum sentence was in force. Therefore, the Court **DENIES** Mr. Garcia's Motion for Sentence Reduction. (ECF No. 127.)

IT IS SO ORDERED.

DATED: February 21, 2023

Hon. Cynthia Bashant
United States District Judge